United States District Court
Southern District of Texas
**ENTERED**
October 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TYRONE BATES, § | |
| § | |
| *Plaintiff*, § | |
| vs. § | CIVIL ACTION NO. 4:21-cv-02926 |
| § | |
| DOLLAR TREE STORES, INC., et al., § | |
| § | |
| *Defendants*. § | |
| § | |
| § | |

## ORDER

Pending before the Court are defendants Dollar Tree Stores, Inc. and Family Dollar Stores of Texas, LLC's ("Defendants") Motion to Dismiss for Want of Prosecution. (Doc. No. 10). Plaintiff Tyrone Bates ("Plaintiff") has not responded to the motion. After considering the motion and applicable law, the Court hereby **DENIES** Defendants' Motion.

### I. Background

This dispute arises from an alleged slip and fall where Plaintiff tripped over bags of charcoal on the premises of a Family Dollar store. (Doc. No. 1). The case originated in state court but was removed to the Southern District of Texas. (*Id.*). Shortly after removal, this Court entered an Order Setting Conference that also required the parties to meet and confer to file a Joint Case Management Plan and Defendants served Plaintiff pursuant to the Order. (Doc. No. 5). Several months later, Plaintiff's counsel filed a Motion for Leave to Withdraw, which this Court granted. (Doc. Nos. 6, 7). Plaintiff proceeded with the dispute *pro se*. In March 2022, Defendants sent correspondence to Plaintiff's last known physical address via certified and regular mail and made additional attempts to contact Plaintiff through his last known email and telephone number.

Initially, Plaintiff did not respond to any of Defendants' attempts to communicate with him and at that point, the case appeared to be stalled.

That being the case, Defendants filed this Motion to Dismiss for Want of Prosecution under Rule 41(b). (Doc. No. 10). Since this motion has been filed, however, Plaintiff has responded and participated in the litigation. The parties filed a Joint Discovery and Case Management Plan (Doc. No. 14) and the Magistrate Judge conducted an Initial Conference and entered a Scheduling Order. (Doc. Nos. 16, 17). Based on the Scheduling Order, there are several deadlines that come in the near future. (*Id.*).

## II. Discussion

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendants' motions would be improper.

Since a dismissal pursuant only to the local rules and Plaintiff's failure to respond would be improper, this Court will instead consider whether dismissal is warranted under Rule 41(b). Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

2

Here, Plaintiff is representing himself *pro se*. Since Defendants filed this Motion, Plaintiff has been admonished by the Magistrate Court to cooperate with Defendants so the parties could submit a Joint Discovery Case Management Plan in time. (Doc. No. 14). Plaintiff has since adhered to the court's request and was present and participated when the judge conducted the Initial Conference and entered a Scheduling Order. (Doc. Nos. 16, 17). Moreover, Plaintiff has not missed any deadlines that would prejudice Defendants. (*Id.*). The Plaintiff is once again admonished that he must adhere to the schedule that is in place and cooperate in discovery; however, at this stage, this Court does not find that Plaintiff has failed to prosecute the case. Therefore, Defendants' Motion to Dismiss for Want of Prosecution should be denied.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Want of Prosecution (Doc. No. 10) is **DENIED**.

Signed at Houston, Texas, this 12 day of October, 2022.

Andrew S. Hanen
United States District Judge